UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ERNESTO LOPEZ,

                Petitioner,

      -against-

HAROLD D. GRAHAM, Superintendent,
Auburn Correctional Facility,

                Respondent.
----------------------------------------------------------------X

**ORDER**

10-CV-468 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

    On February 1, 2010, Petitioner Ernesto Lopez filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his state convictions in 2004 for robbery and endangering the welfare of a child (the "Petition"). (See Pet. for Writ of Habeas Corpus ("Pet.") (Dkt. 1).) On May 21, 2012, this court denied the Petition. (See May 21, 2012, Mem. & Order ("M&O") (Dkt. 14) at 34.) Petitioner appealed that order (see Notice of Appeal (Dkt. 16)) and on May 13, 2013, the Second Circuit affirmed this court's decision. (See Mandate (Dkt. 18).)

    On December 15, 2017, Petitioner, still proceeding pro se[1], filed a motion under Federal Rule of Civil Procedure 60(b) seeking reconsideration of this court's previous order (the "Motion"). (Mot. for Reconsideration ("Mot.") (Dkt. 19).) For the reasons provided below, Plaintiff's motion is DENIED.

---

[1] Because Plaintiff is pro se, the court construes Plaintiff's motion liberally. See Corcoran v. N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999).

1

## I. BACKGROUND

The court assumes familiarity with the underlying facts of the proceedings. The court only restates information necessary to decide the instant motion.

Petitioner was charged in New York Supreme Court, Kings County, with second-degree robbery, third-degree robbery, fourth-degree grand larceny, fifth-degree criminal possession of stolen property, and two counts of endangering the welfare of a child. (M&O at 2.) John B. Stella was appointed to represent Petitioner. (Id. at 3.) On August 19, 2003, six months prior to the scheduled date of trial, Petitioner filed a pro se motion to replace Stella as his attorney. (Id.)

Petitioner's jury trial began in February 2004, at which point defense counsel alerted the court to Petitioner's motion for reassignment of counsel, which had not yet been resolved. (Id.) The court denied the motion. (Id.) On March 2, 2004, the jury convicted Petitioner of second-degree robbery and endangering the welfare of a child. (Id.) On March 30, 2004, the court sentenced Petitioner, as a persistent violent felony offender with four prior violent felony convictions, to concurrent prison terms of twenty-three years to life on the robbery conviction and one year on the conviction for endangering the welfare of a child. (Id. at 3-4.)

On January 30, 2007, Petitioner appealed the judgment to the New York Supreme Court Appellate Division, Second Department, arguing, in part, that the trial court deprived him of his constitutional right to counsel and due process by failing to give proper consideration to his pro se application to replace his court-appointed attorney. (Id. at 4.) On March 25, 2008, the Appellate Division affirmed Petitioner's judgment of conviction. People v. Lopez, 854 N.Y.S. 2d 500 (App. Div. 2008). With respect to Petitioner's motion for reassignment of counsel, the court concluded that "[t]he trial court conducted a sufficient inquiry regarding the basis of [Lopez's] request for new counsel" and that "[n]o further investigation was required because his

conclusory assertions did not suggest a serious possibility of irreconcilable conflict with defense counsel." Id. at 501.

Petitioner then moved in Kings County Supreme Court to vacate his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10, arguing, inter alia, that he had received ineffective assistance of counsel. (M&O at 5.) On July 30, 2009, the court denied Petitioner's motion, concluding that his claims were "both procedurally barred and without merit." (Id.) Petitioner was denied leave to appeal the decision to the Appellate Division. (Id.)

On January 21, 2010, Petitioner submitted the Petition asserting (1) that the trial court failed to give proper consideration to his pro se application to replace his court-appointed attorney; (2) that he received ineffective assistance of counsel; and (3) that the trial court denied him due process of law in sentencing him as a persistent violent felony offender. (Pet.) On May 21, 2012, this court denied the Petition, finding, in part, that Petitioner failed to establish that the trial court deprived him of his constitutional right to counsel by failing to give proper consideration to his pro se application to replace his court-appointed attorney. (See M&O at 20.) On June 6, 2012, Petitioner appealed this court's decision (see Notice of Appeal), and on May 13, 2013, the Second Circuit affirmed this court's judgment (see Mandate). On December 15, 2017, Petitioner brought the instant motion pursuant to Federal Rule of Civil Procedure 60(b), seeking reconsideration of this court's finding that the state trial court conduced a reasonable inquiry into Petitioner's request for reassignment of counsel. Respondent opposes Petitioner's motion, arguing that it is "beyond the scope of Rule 60(b)" and untimely. (Respon. Resp. to Mot. ("Respon. Resp.") (Dkt. 22).)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005); see Fed. R. Civ. P. 60(b)(1)-(3). Additionally, the catch-all provision of Rule 60(b)(6) "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rule 60(b)(1)-(5)." Gonzalez, 545 U.S. at 528-29. Motions for reconsideration of a final judgment are "generally not favored," and are "properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). The party seeking relief has the burden of proving such circumstances. Id.

The Rule 60(b) analysis is further complicated in a habeas corpus proceeding. See, Savoca v. United States, 07-CV-2524 (LMS), 2015 WL 66531, at *1-3 (S.D.N.Y. Jan. 5, 2015). Specifically, the availability of Rule 60(b) relief is limited by the restriction on second or successive habeas corpus petitions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. See Gonzalez, 545 U.S. at 529.

The Supreme Court has explained that a Rule 60(b) motion in a habeas case is treated as a successive habeas petition when it "seeks to add a new ground for relief . . . [or] attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzalez, 545 U.S. at 532 (emphasis and footnote omitted); see also Harris v. United States, 367 F.3d 74, 77 (2d Cir.

4

2004) (describing how a district court in the Second Circuit should approach a Rule 60(b) motion in a habeas proceeding); Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001) (same). A Rule 60(b) motion is, in substance, a successive habeas petition if the movant attacks his underlying criminal conviction. See Gonzalez, 545 U.S. at 531; Harris, 367 F.3d at 77.

If Petitioner's Rule 60(b) motion is properly treated as a successive habeas petition, then the district court cannot consider it without authorization from the Second Circuit. See 28 USC § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.") Before a district court may accept a successive filing, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider" it. 28 U.S.C. § 2244(b)(3)(A). AEDPA's authorization requirement for second or successive habeas petitions is jurisdictional; district courts do not have any discretion to consider such petitions on the merits. Torres v. Senkowski, 316 F.3d 147, 149, 153 (2d Cir. 2003).

Where a Rule 60(b) motion "attacks the integrity of a previous habeas proceeding," it should not be construed as a successive petition; instead, the district court should decide the motion on the merits, applying Rule 60(b)'s substantive standard. See Harris, 367 F.3d at 77. Where the Rule 60(b) motion attacks the underlying conviction, however, the district court has "two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" Id at 82. (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)). Similarly, where a Rule 60(b) motion both challenges the integrity of a prior habeas proceeding and attacks the underlying conviction, the district court

5

should take one of two approaches: (1) the court may inform the petitioner that it intends to transfer to the Second Circuit the portion of the motion characterized as a successive petition, and provide the petitioner "a sufficient opportunity to avoid the transfer by withdrawing" that portion of his motion; or (2) if the court denies as meritless the portion of the motion the court finds to come within the scope of Rule 60(b), it may also deny the balance of the motion as beyond Rule 60(b)'s scope. See Gitten, 311 F.3d at 534.

### III. ANALYSIS

In the Motion, Petitioner does not attack the integrity of the court's resolution of his habeas proceeding; rather, he raises a single argument attacking his underlying state court conviction. (See Mot. at 1-2 (challenging his "motion . . . for reassignment of counsel").) This court has already rejected Petitioner's challenge on this ground. (M&O at 10-20 (finding that the Appellate Division's rejection of Petitioner's claim regarding reassignment of counsel was not contrary to or involved an unreasonable application of federal law).) The Second Circuit affirmed this court's decision. (Mandate at 3 ("The District Court correctly explained that such error was harmless as the grounds for reassignment given by Lopez at the time were insubstantial, and Lopez was competently represented by counsel throughout his trial.").)

In short, nothing in the Motion attacks this court's prior resolution of his claim, and therefore no portion of his motion falls within the scope of Rule 60(b). Because Petitioner has already had an opportunity to collaterally attack his state court conviction through a comprehensive § 2254 proceeding, the motion would be more properly construed as a successive petition. Pursuant to Harris, 367 F.3d at 82, the court therefore denies Petitioner's motion as beyond the scope of Rule 60(b). If Petitioner intends to file a second or successive petition, he

must first move before the Second Circuit for an order authorizing this court to consider the petition. See 28 U.S.C. § 2244(b).[2]

IV. CONCLUSION

For the foregoing reasons, Petitioner's motion (Dkt. 19) is DENIED. A certificate of appealability will not issue because Petitioner has not shown "that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam).

The Clerk of the Court is respectfully DIRECTED to mail a copy of this order by certified mail, return receipt requested, to pro se Petitioner Ernesto Lopez at his address of record.

SO ORDERED.

Dated: Brooklyn, New York
December 5, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] The court further notes that even if the Motion were properly before this court, it would be untimely. Petitioner's Rule 60(b) motion was filed more than five years after this court decided Petitioner's habeas petition, and more than four years after the Second Circuit affirmed the judgment of this court. (See Mot.) Thus, any claim Petitioner raised under Fed. R. Civ. P 60(b)(1)-(3) is barred by the one-year time limitation set forth in Rule 60(c)(1). To the extent that Petitioner seeks to rely on Rule 60(b)(6), the claim would also be considered time-barred. Rodriguez, 252 F.3d at 201 ("We do not think that three and one-half years from the date judgment was entered is a reasonable time.").